# United States District Court
## WESTERN DISTRICT OF NEW YORK

In the Matter of

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR A
WARRANT AUTHORIZING THE USE
AND INSTALLATION OF A TRACKING
DEVICE ON A BLUE 2016 GMC TERRAIN
BEARING NEW YORK REGISTRATION
HCM3584 WITH VIN 2GKFLUE35G6171991

15-MJ- 4203

## APPLICATION FOR A WARRANT AUTHORIZING
## THE INSTALLATION AND MONITORING OF A GPS TRACKING DEVICE

I, <u>SABATINO SMITH.</u>, being duly sworn depose and say:

I am a Special Agent with U.S. Drug Enforcement Administration (DEA), and have reason to believe that probable cause exists for the installation and monitoring of a tracking device on

2016 GMC TERRAIN BEARING NEW YORK REGISTRATION
HCM3584 WITH VIN 2GKFLUE35G6171991

which is currently in the Western District of New York, and which is designed for use, intended for use or is being used in committing offenses in violation of 21 U.S.C. §§ 841 and 846.

The facts to support a finding of Probable Cause are as follows:

### SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:     (✔) Yes     ( ) No

_____
SABATINO SMITH
Signature of Affiant

Sworn to before me and subscribed in my presence,

December 17, 2015          Rochester, New York
Date                             City and State

HON. MARIAN W. PAYSON, U.S. Magistrate Judge       Marian W. Payson
Name & Title of Judicial Officer                   Signature of Judicial Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE　　　　　　　　　:
APPLICATION OF THE UNITED　　　　　 :
STATES OF AMERICA FOR A　　　　　　 :
WARRANT AUTHORIZING THE USE　　　 :　　　15-MJ- 4203
AND INSTALLATION OF A TRACKING　　 :
DEVICE ON A BLUE 2016 GMC TERRAIN　:
BEARING NEW YORK REGISTRATION　　 :
HCM3584 WITH VIN 2GKFLUE35G6171991 :

### AFFIDAVIT IN SUPPORT OF MOTION FOR GPS TRACKING DEVICE

Your affiant, Sabatino Smith, having been duly sworn, states the following:

1.　　I am a Special Agent with the Drug Enforcement Administration (DEA), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. And Title 18, United States Code, Section 2516(1).

2.　　I have been a Special Agent with the Drug Enforcement Administration since September 2009. Prior to being a Special Agent with the Drug Enforcement Administration, I was employed as a Special Agent and Counter Sniper with the United States Secret Service for eight years. In May of 2000, I received a Bachelor's of Science in Political Science from the State University of New York at Brockport. During my employment with the Drug

1

Enforcement Administration, I have received (20) weeks of training in the methods used by drug trafficking and money laundering organizations. I have received training in the areas of drug identification, drug distribution methods, money laundering, financial investigations, and drug enforcement techniques. I am familiar with the methods of use, effects, distribution, appearance, as well as the methods of manufacture of controlled substances. I have experience in the investigation of violations of federal and state narcotics laws. I have conducted and participated in numerous narcotics investigations resulting in the arrest and conviction of drug distributors, and the seizure of quantities of controlled substances. During these investigations my participation has included, but has not been limited to, undercover operations; direction of confidential sources; debriefing of defendants and others involved in the distribution and consumption of illegal drugs; execution of search warrants; execution of arrest warrants; affiant on court-authorized Title III interceptions, search warrants, and criminal complaints; and I have been involved in numerous surveillance operations.

3. I am presently investigating the activities of Blake RIVERA for possible violations of Title 21, United States Code, Sections 841(a)(1) (possession with intent to distribute, and distribution, of a controlled substance) and 846 (conspiracy to possess with intent to distribute, and to distribute, a controlled substance). I submit this affidavit in support of an application for a warrant authorizing the installation and use of a mobile tracking device on the automobile currently being used by Blake RIVERA, that is, a blue 2016 GMC Terrain, bearing New York registration HCM-3584 and VIN 2GKFLUE35G6171991, registered to

EAN Holdings LLC, 14002 East 21st Street, Tulsa, Oklahoma 74134 and rented in the name of and utilized by Blake RIVERA (hereinafter SUBJECT VEHICLE).

4. Probable cause exists to believe, and I do believe, as more fully set forth herein, that the continued use of a mobile tracking device in or on the SUBJECT VEHICLE will lead to evidence of the above referenced crimes as well as the identification of individuals who are engaged in the commission of those and related crimes. The purpose of this affidavit is solely to establish probable cause for the installation, tracking, and monitoring of a mobile tracking device and therefore not all aspects of this investigation are contained herein. I have participated in the investigation that is the subject of this affidavit in conjunction with other law enforcement officers. As a result of this participation, as well as information provided by other law enforcement officers, I am fully familiar with the facts set forth herein.

## INVESTIGATION BACKGROUND

5. On July 29, 2015, the Honorable Jonathan W. Feldman, United States Magistrate Judge, issued a warrant authorizing the installation and use of a GPS tracking device for a period of 45 days on a 2015 Dodge Challenger, bearing Virginia registration VHB2879 and VIN 2C3CDZAG9FH850140, rented in the name of and utilized by Blake RIVERA.

6. On August 26, 2015, the Honorable Marian W. Payson, United States Magistrate Judge, issued a warrant authorizing the installation and use of a GPS tracking device for a

3

period of 45 days on a 2015 GMC Yukon, bearing Maryland registration 5BR1811 and VIN 1GKS2HKC2FR265780, rented in the name of and utilized by Blake RIVERA.

7.     On October 1, 2015, the Honorable Marian W. Payson, United States Magistrate Judge, issued a warrant authorizing the installation and use of a GPS tracking device for a period of 45 days on a 2015 GMC Acadia, bearing New York registration GZR1144 and VIN 1GKKVRKD1GJ113205, rented in the name of and utilized by Blake RIVERA.

8.     On November 13, 2015, the Honorable Jonathan W. Feldman, United States Magistrate Judge, issued a warrant extending the use of a GPS tracking device for a period of 45 days on the 2015 GMC Acadia, being New York registration GZR1144 and VIN 1GKKVRKD1GJ113205, rented in the name of and utilized by Blake RIVERA.

9.     On December 3, 2015, the Honorable Marian W. Payson, United States Magistrate Judge, issued a warrant extending the use of a GPS tracking device for a period of 45 days on the 2016 GMC Yukon, bearing New York registration HAT9333 and VIN 1GKS2BKC7GR154351, registered to EAN Holdings LLC, 14002 East 21st Street, Tulsa, Oklahoma 74134, rented in the name of and utilized by Blake RIVERA.

10.    The investigative team began monitoring the GPS tracking device on the 2016 GMC Yukon referenced in the foregoing paragraph (hereinafter the 2016 Yukon) on or about December 4, 2015. During the monitoring period, on December 4, 2015 the Sr. Investigator Scott Shepard of the New York State Police (NYSP) contacted SA Smith and stated that the NYSP

had intercepted a FedEx package and searched it pursuant to the a New York State search warrant. Inv. Shepard stated that the package was found to contain approximately 613 grams of heroin. This package was addressed to an "Ashton Johnson" at the address of 164 Curtis Street, Rochester, New York, with a California return address. As discussed in prior GPS applications, 164 Curtis Street is the home of Blake Rivera's father, Victor Rivera. Based on routine de-confliction protocol the NYSP contacted SA Smith regarding the seizure of this heroin bound for one of SA Smith's target locations. On December 8, 2015, SA Smith took custody of this heroin and placed it into evidence in accordance with DEA policy and procedures. As previous affidavits have illustrated, RIVERA routinely travels to 164 Curtis Street to distribute cocaine and on multiple occasions CS-1 conducted controlled purchases of cocaine from RIVERA and Chayanne RIVERA at the residence of 164 Curtis Street. Prior to this seizure, CS-1 had stated to agents that RIVERA distributes heroin in addition to cocaine. Additionally, there is no record of Ashton Johnson as a resident or associated with 164 Curtis Street. Based on my training and experience it is common for drug traffickers to utilize fictitious names on packages that contain narcotics in an attempt to evade law enforcement detection.

11.     On December 12, 2015, the investigative team observed the 2016 Yukon parked amongst the fleet of rental vehicles at Enterprise's fleet parking lot on Buell Street indicating that RIVERA was no longer operating the 2016 Yukon. Subpoenaed information revealed that RIVERA returned the vehicle and stated that he wanted to return the Yukon because he no longer wanted to

pay the upgrade fee.[1] Personnel at Enterprise stated to RIVERA that they would waive the upgrade fee for the Yukon based on his frequent rental history from Enterprise. RIVERA denied the discounted rate on the Yukon and stated that he wanted a different vehicle. Rivera then rented the SUBJECT VEHICLE. On December 14, 2015, I observed the SUBJECT VEHICLE parked in the driveway of RIVERA's residence located at 276 Woodsmoke Lane, Rochester, New York. A New York State Department of Motor Vehicles check showed that the SUBJECT VEHICLE is registered to EAN Holdings LLC, 14002 East 21st Street, Tulsa, Oklahoma 74134.

12.   The use of a GPS tracking device is especially essential now that RIVERA is aware that law enforcement seized heroin that was bound for his stash location. As has been previously detailed in the previous affidavits, RIVERA often operates during the late night early morning hours and there is little vehicular traffic for law enforcement to blend with at these times. Without the use of a GPS tracking device agents would most likely be spotted by RIVERA or his associates and compromise the investigation. As agents learn RIVERA's methods of operation for his drug trafficking operation it is crucial to this investigation for agents to continue to utilize the GPS tracking device to further gain information on when and how he is being supplied cocaine. As well as, identifying additional co-conspirators and stash locations that RIVERA utilizes to operate his drug trafficking organization.

---

[1] After it was determined that RIVERA returned the 2016 GMC Acadia to Enterprise, the investigative team removed the GPS tracking device from that vehicle.

## USE OF GPS TRACKING DEVICE

13.     The goal of this investigation is not limited to arresting Blake RIVERA and charging him with the sales of cocaine to the two Confidential Sources. The goals also include identifying the locations where RIVERA stashes his drugs and money and identifying RIVERA's sources, workers and customers. Monitoring of the GPS tracking device on the 2016 GMC Yukon between December 4, 2015, and December 12, 2015, has given agents limited information on where RIVERA may be receiving his cocaine shipments and where he may be storing his narcotics and/or currency due to the short 8 day time period of monitoring. Also, now that RIVERA is aware of the seizure of heroin he is likely to change his methods of operation and be more aware of his surroundings in attempt to identify law enforcement. It is anticipated that, in the event the investigative team can monitor the requested GPS tracking device on the SUBJECT VEHICLE for an 45 day period, it will lead to evidence identifying his supplier(s) and the location(s) where his supplier(s) operates. It also should be noted that previous trackers were not monitored the full 45 day period. The first two trackers, described above, were monitored for 24 days and 28 days, respectively because RIVERA returned the rental vehicles and monitoring stopped at that time. The November 13th application extended the use of a GPS tracking device on the previously described 2015 GMC Acadia was monitored for only 18 days before returned the rental vehicle. Based on my experience in this case and my training, I believe that it will be extremely difficult to establish and maintain surveillance on RIVERA as he travels in and around Rochester and outlying areas, without the installation of a

GPS tracking device on the SUBJECT VEHICLE. Without the installation of a GPS device, surveillance of RIVERA would require investigators to physically follow him as he drives around the city and out of the city. This increases the likelihood that RIVERA and/or his associates will detect the police surveillance, thereby damaging the investigation by RIVERA and his associates switching vehicles, changing addresses and phone numbers, concealing or moving to new locations their drugs and drug proceeds and even leaving the area for a period of time.

14. Therefore, your affiant requests authorization to install and monitor a GPS mobile tracking device on the SUBJECT VEHICLE. Use of a mobile tracking device will allow the investigating agents to monitor the locations to which the SUBJECT VEHICLE is driven without having to remain in close sight surveillance, which will greatly reduce the risk that the investigation would be compromised. As noted above, your affiant believes that monitoring the mobile tracking device will lead to evidence of the aforementioned offenses, as well as to the identification of other individuals who are engaged in the commission of these offenses and related crimes.

15. Your affiant requests authorization to install a GPS mobile tracking device on the SUBJECT VEHICLE while it is in the Western District of New York. Because Blake RIVERA usually parks the SUBJECT VEHICLE in his driveway at his residence, it may be necessary to enter onto private property in order to effect the installation and removal of the mobile tracking device on the SUBJECT VEHICLE. To ensure the safety of the executing officers and to avoid

premature disclosure of this ongoing and covert investigation, it is requested that the Court authorize installation and removal of the tracking device at any time in the day or night. I believe that if RIVERA were to learn of the tracking device or efforts by the investigative team to install the device, it would alert him and any co-conspirators to the existence of this ongoing, covert investigation. I further believe that if RIVERA was alerted to the existence of this investigation, he and/or any co-conspirators may become more secretive in their criminal activities, conduct their criminal activities at different locations, harm suspected government agents and/or informants, threaten potential witnesses, flee the jurisdiction, conceal or destroy evidence, and otherwise seriously jeopardize this ongoing criminal investigation.

16.   In the event that the Court grants this application, investigators will monitor the mobile tracking device during both daytime and nighttime hours for a period of 45 days following the installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to public view or visual surveillance.

17.   The SUBJECT VEHICLE is not the first rental car which RIVERA has rented and driven. Should it become obvious that RIVERA is no longer using the SUBJECT VEHICLE because he has returned it to Enterprise, the monitoring of the GPS device will cease and it will be removed from the SUBJECT VEHICLE. It is anticipated that if this happens, a new application for installation of GPS device on RIVERA's new rental will be made to the Court.

18.     Given the contents of this Affidavit and the ongoing nature of the investigation described herein, I respectfully request that the Court order that this affidavit, the application and the warrant be and remain sealed for a period of 45 days after the use of the tracking device has ended or until such time as the Court orders.   In accordance with Title 18, United States Code, Section 3103a (b), and Federal Rule of Criminal Procedure 41(f) (3), I further request that the order granting this application delay notification of the execution of the order for a period not to exceed 45 days after the use of the mobile tracking device has ended because there is reasonable cause to believe that providing immediate notification would seriously jeopardize an ongoing investigation.  As demonstrated above, there is probable cause to believe that Blake RIVERA is engaged in continued criminal activity.  Were he to learn of the existence of the requested Order or to learn of the installation of the mobile tracking device, it would disclose to him that he is under investigation by law enforcement officers.  Based on my training and experience, I believe that this would cause RIVERA to destroy evidence, such as narcotics, drug ledgers or the proceeds of narcotics transactions, and/or flee the jurisdiction and otherwise seriously jeopardize the ongoing criminal investigation.  Notice therefore should be delayed so as to avoid seriously jeopardizing the ongoing criminal investigation involving Blake RIVERA.

WHEREFORE, I respectfully request that the Court issue a warrant authorizing members of the DEA or their authorized representatives, including but not limited to, Rochester Police Department officers, other law enforcement agents, and technicians assisting in the above-described investigation, to install a GPS mobile tracking device in or on the SUBJECT

VEHICLE within the Western District of New York within 10 calendar days of the issuance of the requested warrant, and to remove said mobile tracking device from the SUBJECT VEHICLE after the use and monitoring of the tracking device has ended (or earlier should RIVERA return the SUBJECT VEHICLE to the rental car company; to enter onto private property for the purpose of installing, maintaining, repairing, and/or removing the tracking device; and to monitor the signals from that tracking device, for a period of 45 days following the issuance of the warrant, including signals produced when the SUBJECT VEHICLE is inside private garages and other locations not open to the public view or visual surveillance, and when the SUBJECT VEHICLE is within or outside the Western District of New York, but within the United States.

Respectfully submitted,

_____
SABATINO SMITH
DEA Special Agent

Sworn to and subscribed before me on
this 17 day of December, 2015.

Marian W Payson
_____
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge

11